UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANAJEAN PENNY, | CASE NO. C18-5195JLR |
| Plaintiff, | ORDER ON MOTIONS IN LIMINE |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

Before the court is defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motions *in limine*. (*See* MIL (Dkt. # 35).) Plaintiff Anajean Penny opposes the motions. (*See* Resp. (Dkt. # 42).) The court has considered the motions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES in part and DEFERS ruling in part State Farm's motions *in limine*.

State Farm's motions seeks to exclude (1) any opinions of Dr. Joanna Carter that are outside the scope of Ms. Penny's Federal Rule of Civil Procedure 26(a)(2)(C) witness

ORDER - 1

disclosure (the "first motion *in limine*"); and (2) any expert or causation opinions from Ms. Penny's treating physicians—Dr. Nicholas Baker, Dr. Carter, Dr. Heather Kahn, and Dr. Eric Dukes—who did not disclose expert opinions under Rule 26(a)(2)(B) (the "second motion *in limine*"). (*See* MIL at 2-5.)  Dr. Carter, Dr. Baker, Dr. Kahn, and Dr. Dukes all provided medical treatment to Ms. Penny after the accident at issue. (*See* Staples Decl. (Dkt. # 43), ¶ 3, Ex. A.[1])  Ms. Penny did not identify Dr. Carter, Dr. Baker, Dr. Kahn, or Dr. Dukes as expert witnesses who needed to provide expert reports under Rule 26(a)(2)(B). (*See id.*)  Instead, Ms. Penny disclosed these witnesses as experts who did not need to provide expert reports under Rule 26(a)(2)(C). (*See id.*)

Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  Rule 26(a)(2)(B) states that an expert disclosure must be accompanied by an expert report "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).  In the Ninth Circuit, treating physicians are not required to present written reports under Rule 26(a)(2)(B) so long as the opinions the witness intends to testify to "were formed during the course of treatment." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).  To the extent that the expert intends "to render expert testimony beyond the scope of the treatment rendered," however, the expert must provide a written expert report. *See id.*  Although treating physicians need not provide an expert

---

[1] The exhibits to Mr. Staples's declaration are attached to Ms. Penny's response to State Farm's motions *in limine*. (*See* Resp., Exs. A-I.)

report in order to testify, if a party intends to offer expert opinions from a treating physician, Rule 26 still requires the party to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify" for non-retained experts, like treating medical providers. Fed. R. Civ. P. 26(a)(2)(C); *see also Dixon v. Legacy Transportation Sys., LLC*, No. 215CV01359JADPAL, 2017 WL 4004412, at *8 (D. Nev. Sept. 11, 2017) ("[P]arties are required to identify the subject matter on which hybrid experts like treating physicians are intended to offer testimony as well as a summary of their facts and opinions. The reporting obligations are less onerous than the ones required by Rule 26(a)(2)(B) for retained experts. However, they are mandatory."). With these standards in mind, the court turns to State Farm's motions.

The court DENIES State Farm's first motion *in limine*. State Farm seeks to exclude any opinions from Dr. Carter on topics like "the causal relationship between Dr. Carter's diagnoses of [Ms. Penny] and the head trauma or traumatic brain injury that [Ms. Penny] allegedly sustained as a result of the subject motor vehicle accident." (*See* MIL at 2-3.) The court concludes that Ms. Penny's Rule 26(a)(2)(C) disclosure of Dr. Carter was adequate and permits Dr. Carter to testify regarding the opinions she developed while providing treatment to Ms. Penny.[2] Further, Rule 37 states that testimony may be excluded only if the inadequate disclosure was not substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Even if Ms. Penny's disclosure of Dr. Carter was deficient

---

[2] To the extent that Dr. Carter's testimony strays beyond the opinions she developed in the course of her treatment of Ms. Penny, the court addresses that testimony below.

under Rule 26(a)(2)(B), the deficiency was harmless in light of the discovery provided by Ms. Penny on Dr. Carter's conclusions and State Farm's ability to review and respond to Dr. Carter's testimony.  (*See* Staples Decl., ¶¶ 4-8, Exs. B-F.)

The court DEFERS ruling on State Farm's second motion *in limine*.  In that motion, State Farm seeks to exclude any causal opinions from Dr. Carter, Dr. Baker, Dr. Kahn, and Dr. Dukes on the grounds that causation is an expert opinion that requires an expert report under Rule 26.  (*See* MIL at 4-5.)  Although the court has thoroughly reviewed the materials provided by the parties, the court will not exclude the causal opinions at issue in a vacuum.  Instead, because this matter will be submitted to the court for a bench trial, the court concludes that its ruling on State Farm's second motion *in limine* is best reserved for the court's findings of facts and conclusions of law.  Ms. Penny intends to offer testimony from Dr. Carter, Dr. Baker, Dr. Kahn, and Dr. Dukes via perpetuation deposition.  (See Pl. Tr. Br. (Dkt. # 48) at 6-7.)  As such, the court will review those depositions as part of the bench trial and will determine whether the opinions at issue were properly disclosed under Rule 26 and the guidance in *Goodman* for non-retained expert testimony from treating physicians.  *See Goodman*, 644 F.3d at 826.  In other words, if the court concludes after reviewing the testimony in this matter that any of Ms. Penny's treating providers' opinions—on causation or any other issue— stray beyond opinions that "were formed during the course of treatment," *see id.*, the court will disregard those opinions in its findings of fact and conclusions of law.[3]

---

[3] Deferring ruling on the second motion *in limine* also allows the court to consider the testimony at issue in light of other potentially applicable evidentiary rules and in the context of

In sum, for the reasons set forth above, the court DENIES State Farm's first motion *in limine* and DEFERS ruling on State Farm's second motion *in limine* until after trial.

Dated this 25th day of September, 2020.

JAMES L. ROBART
United States District Judge

---

the trial as a whole, which may yield additional efficiencies.  For example, in reviewing the depositions, the court may conclude that the testimony at issue is not relevant, not a proper expert opinion, or not persuasive, which would render the second motion *in limine* superfluous.

ORDER - 5