Hon. Ronald B. Leighton

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT TACOMA

| | |
|---|---|
| ANAJEAN PENNY, | Case No.  3:18-cv-05195-RBL |
| Plaintiff, | |
| vs. | PRETRIAL ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

## JURISDICTION

Plaintiff filed this claim originally in state court, Superior Court of Washington for the County of Clark.  Defendant removed the case to the Federal Court based upon diversity of citizenship under 28 USC Sec. 1332 and 1446.

## CLAIMS AND DEFENSES

Plaintiff intends to pursue the claims she alleged in her Complaint, namely:

- That on August 27, 2014, Plaintiff was involved in an automobile collision in

Vancouver, Washington that was caused by the negligence of Nelda Lindell; that as a direct and

DECLARATION OF SERVICE

proximate result of the collision and Ms. Lindell's negligence that Plaintiff sustained extensive

personal injuries and incurred substantial medical expense, and other economic and non-

economic damages in an amount to be determined at trial;

- That Ms. Lindell was underinsured, and that Plaintiff's underinsured motorist

coverage with Defendant State Farm required State Farm to pay the difference between Ms.

Lindell's policy limits and what Plaintiff's claim was worth;

- That Plaintiff sustained soft tissue spinal injuries and a concussion, as well as

numerous post-concussion residuals that continue to this day, and will be seeking past and future

general damages related to the same, in an amount to be determined by the trier of fact;

- That Plaintiff's past medical specials to be sought at the time of trial include but

are not necessarily limited to the amounts Plaintiff requested Defendant State Farm admit to in

its request for admissions regarding the medical bills, and as outlined in the expert report of

Wendy Votroubek.

State Farm will pursue the following affirmative defenses at trial:

1.    Plaintiff failed to mitigate, minimize, or avoid the damages allegedly sustained

and recovery, if any, should be reduced accordingly.

2.    Plaintiff's alleged injuries have been proximately caused, in whole or in part, by

his own negligence and/or comparative fault, and such damages are to be apportioned at trial

pursuant to RCW 4.22.055, RCW 4.22.070 and related laws.

3.    Plaintiff's claim is barred to the extent the alleged injuries, in whole or in part,

resulted from pre-existing and/or unrelated medical conditions.

4.    Plaintiff's claim is barred to the extent the alleged injuries, in whole or in part,

resulted from an intervening or superseding cause.

5.    Plaintiff has failed to prove those issues on which she has the burden of proof.

DECLARATION OF SERVICE

6.      Plaintiff has been paid for all, or some, of her alleged damages and injuries and is not entitled to a double recovery.  To the extent said damages have already been paid by State Farm, any tortfeasor(s), and/or any other insurance company on their behalf, State Farm is entitled to a credit and/or offset.  State Farm recognizes that this is not an issue for the Court to decide in this bench trial. Rather, to the extent the UIM coverage under plaintiff's State Farm-issued policy is triggered after any award by this Court, State Farm will ask the Court to determine whether and to what extent State Farm is entitled to any offsets.

## ADMITTED FACTS

The following facts are admitted by the parties:

- That Defendant State Farm is an insurer doing business in the State of Washington;

- That Plaintiff had a valid and applicable policy of insurance with State Farm that had PIP and UIM coverage included, which was in effect when the subject collision occurred;

- That Plaintiff made a claim for UIM benefits under the State Farm policy;

## ISSUES OF LAW

The following are the issues of law to be determined by the court.  To Plaintiff's understanding issues in the case are issues of fact/causation, namely: whether the auto collision of 2014 caused the injuries Plaintiff has alleged (soft tissue spinal injuries and concussion/post-concussion residuals), and if so what economic and non-economic damages were caused by those injuries.

Defendant State Farm does not dispute that if Plaintiff's total damages are found at trial to be in excess of the insurance proceeds obtained by Plaintiff already (consisting of the underinsured driver's liability policy limits together with personal injury protection (PIP)

DECLARATION OF SERVICE

benefits paid by Defendant State Farm) that Plaintiff would be entitled to underinsured benefits from State Farm.

In the practice of resolving UIM disputes at trial or arbitration, in the experience of counsel for both Plaintiff and Defendant, the factfinder is not told of what the underlying liability policy limits are, nor what the underinsured motorist policy limits are, so that the factfinder can make a determination of the amount of damages Plaintiff sustained, if any, free from any influence that the policy limits on either side might provide. The applicable insurance limits are then applied to come to an accurate and appropriate award/judgment. The parties wish it to be so here.

If the Court so approves, the parties will be entering into a stipulation as to the amounts of the applicable insurance limits that will allow the Court to apply those limits in the event of a factual determination that Plaintiff sustained damages due to the auto collision. The parties would then request that the Court not review the stipulation until after the issues of causation and damages are resolved at trial. The parties are of course open to guidance from the Court as to the procedural mechanism the Court prefers to accomplish this.

Here are the parties' Issues of Law:

1.    The nature and extent of plaintiff's accident-related injuries and damages.

2.    Whether plaintiff failed to mitigate, minimize, or avoid the damages allegedly sustained. If so, to what extent should her recovery, if any, be reduced?

3.    Whether on August 27, 2014, plaintiff was struck by an "underinsured motor vehicle," as that term is defined in the subject insurance policy, such that plaintiff is entitled to contractual Underinsured Motorist benefits.


DECLARATION OF SERVICE

4.      If plaintiff is entitled to Underinsured Motorist benefits under the subject policy, what is the appropriate amount after accounting for applicable apportionments, offsets, and/or policy limits?

## EXPERT WITNESSES

(a)      Each party shall be limited to the expert witnesses they have previously identified and disclosed on the issues of injury causation and damages.

(b)      The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1)      On behalf of Plaintiff;

i.   Nicholas Baker, DC, 1328 NW 6th St., Grants Pass, OR 97526 **(will testify)**. This provider has already been perpetuated and their video-taped testimony will be played (1 hour and 26 minutes).

ii.   Joanna Carter, OD, 814 E. Jackson St., Suite A, Medford, OR 97504 **(will testify)**.  This provider has already been perpetuated and their video-taped testimony will be played (1 hour and 17 minutes).

iii.  Douglas Col, Ph.D., 542 Washington St., Suite 200, Ashland, OR 97520 **(will testify)**.  This provider has already been perpetuated and their video-taped testimony will be played (1 hour and 29 minutes).

iv.   Eric Dukes, OD, 2325 Ashland St., Ashland, OR 97520 **(will testify)**. This provider has already been perpetuated and their video-taped testimony will be played (1 hour and 36 minutes).

v.   Heather Kahn, MD, 1215 NE 7th St., Grants Pass, OR 97526 **(will testify)**.  This provider has already been perpetuated and their video-

DECLARATION OF SERVICE

taped testimony will be played (1 hour and 14 minutes).

vi.  Wendy Votroubek, RN, 4207 SE Woodstock Blvd., #365, Portland, OR 97206.  Plaintiff has identified Ms. Votroubek to testify as to the reasonableness of the amount of the medical bills, see Plaintiff's prior Expert Witness Disclosures and her report.  Her testimony may be updated from the report to reflect any bills that have come in in the interim.  She is expected to testify that the amounts of the charges are in line with those typically charged in the area where the treatment was obtained and that those amounts are reasonable.

(2)  On behalf of Defendant:

1.  Josef K. Eichinger, MD
c/o Physician Direct Services
2409 Pacific Ave SE
Olympia, WA 98501
360.867.4188

Dr. Eichinger is a Board Certified Orthopaedic Surgeon. Dr. Eichinger will be called to testify regarding his opinions, based upon his review of plaintiff's medical records and his physical examination of plaintiff, as to the nature and extent of plaintiff's alleged accident-related injuries, the reasonableness and necessity of plaintiff's medical treatment following the subject accident, and whether plaintiff requires any future medical treatment related to the subject accident.

2.  Samuel E. Coor, DO
c/o Physician Direct Services
2409 Pacific Ave SE
Olympia, WA 98501
360.867.4188

Dr. Coor is a Board Certified Osteopathic Neurologist and Psychiatrist. Dr. Coor will be called to testify regarding his opinions, based upon his review of plaintiff's medical records and his physical examination of plaintiff, as to the nature and extent of plaintiff's alleged accident-related injuries, the reasonableness and necessity of plaintiff's medical treatment following the subject accident, and whether plaintiff requires any future medical treatment related to the subject accident.

DECLARATION OF SERVICE

3.      Lee H. Doppelt, Ph.D.
        c/o Physician Direct Services
        2409 Pacific Ave SE
        Olympia, WA 98501
        360.867.4188

        Dr. Doppelt is a Licensed Psychologist and Clinical Neuropsychologist. Dr. Doppelt will be called to testify regarding his opinions, based upon his review of plaintiff's medical records and his neuropsychological evaluation of plaintiff, as to the nature and extent of plaintiff's alleged accident-related neurological deficiencies, the reasonableness and necessity of plaintiff's medical treatment following the subject accident, and whether plaintiff requires any future medical treatment related to the subject accident. Dr. Doppelt is further expected to offer rebuttal testimony related to the testimony and opinions of Dr. Douglas Col.

## OTHER WITNESSES

        The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

        (a)     On behalf of Plaintiff:

        1.      Duncan Canon, 2847 SW Esther Ln., Grants Pass, OR 97527.  This witness will testify as to their observations of the difficulties and challenges that Plaintiff's symptoms following her auto collision have caused in her life. **(possible witness, pending new trial date and any scheduling issues that causes).**

        2.      Jo Henry, 5076 Leonard Rd., Space #7, Grants Pass, OR 97527.  This witness will testify as to their observations of the difficulties and challenges that Plaintiff's symptoms following her auto collision have caused in her life. **(possible witness, pending new trial date and any scheduling issues that causes).**

        3.      Judy Jimenez, 790 SW Second St., Irrigon, OR 97844.  This witness will testify as to their observations of the difficulties and challenges that Plaintiff's

DECLARATION OF SERVICE

symptoms following her auto collision have caused in her life **(possible**

**witness, pending new trial date and any scheduling issues that causes).**

4.  Lorajean Kelley, 2926 NE 89th Ave., Portland, OR 97220.  This witness will

testify as to their observations of the difficulties and challenges that Plaintiff's

symptoms following her auto collision have caused in her life **(possible**

**witness, pending new trial date and any scheduling issues that causes).**

5.  Grace Lee, PO Box 82863, Portland, OR 97282.  This witness will testify as

to their observations of the difficulties and challenges that Plaintiff's

symptoms following her auto collision have caused in her life **(possible**

**witness, pending new trial date and any scheduling issues that causes**).

6.  Faith Leming, 5076 Leonard Rd., Space #96, Grants Pass, OR 97527.  This

witness will testify as to their observations of the difficulties and challenges

that Plaintiff's symptoms following her auto collision have caused in her life

**(possible witness, pending new trial date and any scheduling issues that**

**causes).**

7.  Erika Madrigal, 7208 NE Lessard Rd., Camas, WA 98607.  This witness will

testify as to their observations of the difficulties and challenges that Plaintiff's

symptoms following her auto collision have caused in her life **(possible**

**witness, pending new trial date and any scheduling issues that causes).**

8.  Melissa Newstrand, aka Melissa Hiller, 5076 Leonard Rd., Space #4, Grants

Pass, OR 97527.  This witness will testify as to their observations of the

difficulties and challenges that Plaintiff's symptoms following her auto

DECLARATION OF SERVICE

collision have caused in her life **(possible witness, pending new trial date and any scheduling issues that causes)**.

9. Sandra Khalife, Pemco Insurance.  This witness will testify as to the authenticity of the Pemco declarations page for Nelda Lindell's liability insurance policy, if Defendant refuses to stipulate to authenticity **(possible witness, pending new trial date and any scheduling issues that causes)**.

10. Anajean Penny, c/o Scott A. Staples, 1700 E. Fourth Plain Blvd., Vancouver, WA 98661 **(will testify)**.

11. Nelda Lindell.  This witness will testify as to the authenticity of the Pemco declarations page for Nelda Lindell's liability insurance policy, if Defendant refuses to stipulate to authenticity **(possible witness, pending new trial date and any scheduling issues that causes)**.

(b)     On behalf of Defendant:

1. Anajean Penny
c/o Schauermann Thayer Jacobs Staples & Edwards
1700 E Fourth Plain Blvd
Vancouver, WA 98661
360.695.4244

Ms. Penny may be called to testify regarding the facts and circumstances of the subject accident, the nature and extent of her alleged injuries and damages, the nature and extent of the medical treatment she received in connection with her alleged accident-related injuries, her medical history, and any prior and/or subsequent injuries or medical conditions.

## PLAINTIFF'S EXHIBITS

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| 1. | American Medical Response Medical Bill | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| 2. | Legacy Salmon Creek Hospital Medical Bill | | Reserved | | |
| 3. | Vancouver Radiologists Medical Bill | | Reserved | | |
| 4. | AFC Urgent Care Medical Bill | | Reserved | | |
| 5. | Motion Chiropractic Medical Bills | | Reserved | | |
| 6. | Evergreen Medical Center Medical Bills | | Reserved | | |
| 7. | PeaceHealth Med. Ctr. Medical Bill | | Reserved | | |
| 8. | Vancouver Heights Imaging Medical Bill | | Reserved | | |
| 9. | PeaceHealth Neurology Medical Bills | | Reserved | | |
| 10. | Whatcom PT Medical Bills | | Reserved | | |
| 11. | Asante Physicians Medical Bills | | Reserved | | |
| 12. | Asante Three Rivers Medical Bill | | Reserved | | |
| 13. | Advanced Imaging Medical Bill | | Reserved | | |
| 14. | Cascade Eye Center Medical Bill | | Reserved | | |
| 15. | Providence Health Medical Bills | | Reserved | | |
| 16. | Counseling Medical Bills | | Reserved | | |
| 17. | Homewatch Medical Bill | | Reserved | | |
| 18. | Visiting Angels Medical Bill | | Reserved | | |
| 19. | Linnemeyer LMT Medical Bills | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| 20. | Eye Care Group Medical Bills | | Reserved | | |
| 21. | Mitchell Pharmacy Bill | | Reserved | | |
| 22. | Hoagland Pharmacy Bill | | Reserved | | |
| 23. | Perpetuation deposition of Douglas Col, Ph.D. | | Reserved | | |
| 24. | Dr. Col CV (Deposition Exhibit #1) | | Reserved | | |
| 25. | Dr. Col 2016 Report (Deposition Exhibit #2) | | Reserved | | |
| 26. | May 2019 Dr. Col Letter (Deposition Exhibit #3) | | Reserved | | |
| 27. | Dr. Col Medical Bills (Deposition Exhibit #4) | | Reserved | | |
| 28. | Perpetuation deposition of Heather Kahn, M.D. | | Reserved | MIL; E | |
| 29. | Dr. Kahn Medical Record 7/22/15 (Deposition Exhibit #1) | | Reserved | | |
| 30. | Dr. Kahn Medical Record 9/2/15 (Deposition Exhibit #2) | | Reserved | | |
| 31. | Dr. Kahn Medical Record 10/9/15 (Deposition Exhibit #3) | | Reserved | | |
| 32. | Dr. Kahn Medical Record 11/9/15 (Deposition Exhibit #4) | | Reserved | | |
| 33. | Dr. Kahn Medical Record 12/7/15 (Deposition Exhibit #5) | | Reserved | | |
| 34. | Dr. Kahn Medical Record 1/14/16 (Deposition Exhibit #6) | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 35. | Dr. Kahn Medical Record 1/26/16 (Deposition Exhibit #7) | | Reserved | | |
| 36. | Dr. Kahn Medical Record 2/16/16 (Deposition Exhibit #8) | | Reserved | | |
| 37. | Dr. Kahn Medical Record 2/24/16 (Deposition Exhibit #9) | | Reserved | | |
| 38. | Dr. Kahn Medical Record 3/2/16 (Deposition Exhibit #10) | | Reserved | | |
| 39. | Dr. Kahn Medical Record 3/31/16 (Deposition Exhibit #11) | | Reserved | | |
| 40. | Dr. Kahn Medical Record 4/6/16 (Deposition Exhibit #12) | | Reserved | | |
| 41. | Dr. Kahn Medical Record 4/13/16 (Deposition Exhibit #13) | | Reserved | | |
| 42. | Dr. Kahn Medical Record 5/4/16 (Deposition Exhibit #14) | | Reserved | | |
| 43. | Dr. Kahn Medical Record 6/8/16 (Deposition Exhibit #15) | | Reserved | | |
| 44. | Dr. Kahn Medical Record 6/15/16 (Deposition Exhibit #16) | | Reserved | | |
| 45. | Dr. Kahn Medical Record 6/30/16 (Deposition Exhibit #17) | | Reserved | | |
| 46. | Dr. Kahn Medical Record 8/15/16 (Deposition Exhibit #18) | | Reserved | | |
| 47. | Dr. Kahn Medical Record 10/19/16 (Deposition Exhibit #19) | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 48. | Dr. Kahn Medical Record 5/1/17 (Deposition Exhibit #20) | | Reserved | | |
| 49. | Dr. Kahn Medical Bills (Deposition Exhibit #21) | | Reserved | | |
| 50. | Perpetuation deposition of Eric Dukes, O.D. | | Reserved | MIL; E | |
| 51. | Dr. Dukes Medical Record 8/26/19-10/3/19 (Deposition Exhibit #1) | | Reserved | | |
| 52. | Dr. Dukes Medical Record 11/25/19 (Deposition Exhibit #2) | | Reserved | | |
| 53. | Dr. Dukes Medical Record 12/23/19 (Deposition Exhibit #3) | | Reserved | | |
| 54. | Perpetuation deposition of Nicholas Baker, D.C. | | Reserved | MIL; E | |
| 55. | Dr. Baker Medical Records 2/10/15-8/30/19 (Deposition Exhibit #1) | | Reserved | | |
| 56. | Dr. Baker Medical Bills (Deposition Exhibit #2) | | Reserved | | |
| 57. | Perpetuation deposition of Joanna Carter, O.D. | | Reserved | MIL; E | |
| 58. | Dr. Carter Medical Records (Deposition Exhibit #1) | | Reserved | | |
| 59. | Dr. Carter Medical Records (Deposition Exhibit #2) | | Reserved | | |
| 60. | Dr. Carter Medical Records (Deposition Exhibit #3) | | Reserved | | |
| 61. | Dr. Carter Medical Records (Deposition Exhibit #4) | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| 62. | Dr. Carter Medical Records (Deposition Exhibit #5) | | Reserved | | |
| 63. | Dr. Carter Medical Bills (Deposition Exhibit #6) | | Reserved | | |
| 64. | 9-1-1 audio recording | | Reserved | | |
| 65. | Police Report #E352137 | | Reserved | | |
| 66. | Vancouver Police Report, Case #14-13138 | | Reserved | | |
| 67. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 68. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 69. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 70. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 71. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 72. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 73. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 74. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 75. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 76. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 77. | Photograph of Lindell's Vehicle | | Reserved | | |
| 78. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 79. | Photograph of Plaintiff's Vehicle | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 80. | Photograph of Lindell's Vehicle | | Reserved | | |
| 81. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 82. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 83. | Photograph of Lindell's Vehicle | | Reserved | | |
| 84. | Photograph of Lindell's Vehicle | | Reserved | | |
| 85. | Photograph of Plaintiff's Vehicle | | Reserved | | |
| 86. | Photograph of Lindell's Vehicle | | Reserved | | |
| 87. | Police Collage of photographs of Scene | | Reserved | | |
| 88. | Police Collage of photographs of Scene | | Reserved | | |
| 89. | Plaintiff Vehicle Repair Estimate | | Reserved | | |
| 90. | Plaintiff's Education records | | Reserved | | |
| 91. | Pemco Insurance Declaration Page for Lindell | | Reserved | | |
| 92. | State Farm's Declarations Page for Plaintiff | | Reserved | | |
| 93. | Dr. Dukes' medical bill | | Reserved | | |
| 94. | DVD of Perpetuation Deposition of Dr. Col | | Reserved | MIL | |
| 95. | DVD of Perpetuation Deposition of Dr. Kahn | | Reserved | MIL; E | |
| 96. | DVD of Perpetuation Deposition of Dr. Dukes | | Reserved | MIL; E | |
| 97. | DVD of Perpetuation Deposition of Dr. Baker | | Reserved | MIL; E | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| 98. | DVD of Perpetuation Deposition of Dr. Carter | | Reserved | MIL; E | |

## DEFENDANT'S EXHIBITS

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| A 1. | CV – Lee H. Doppelt, Ph.D. | | Reserved | | |
| A 2. | Independent Neuropsychological Evaluation by Dr. Doppelt dated 10/30/17 | | Reserved | | |
| A 3. | Rebuttal Report by Dr. Doppelt dated 09/23/19 | | Reserved | | |
| A 4. | Addendum by Dr. Doppelt dated 10/25/19 | | Reserved | | |
| A 5. | Addendum by Dr. Doppelt dated 01/13/20 | | Reserved | | |
| A 6. | Medical Record Excerpt: 07/03/07 – The Vancouver Clinic – Encounter Note | | Reserved | | |
| A 7. | Medical Record Excerpt: 07/26/10 – Valley View Health Center, Office Visit | | Reserved | | |
| A 8. | Medical Record Excerpt: 10/14/10 – Valley View Health Center, Follow-up | | Reserved | | |
| A 9. | Medical Record Excerpt: 02/28/11 – Washington Orthopedic Center, Follow-up | | Reserved | | |
| A 10. | Medical Records Excerpt: 06/17/13 – WCH Physical Therapy, Assessment | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| A 11. | Medical Record Excerpt: 08/27/14 – American Medical Response, Patient Care Report | | Reserved | | |
| A 12. | Medical Record Excerpt: 08/27/14 – Legacy Salmon Creek Medical Center, ED Notes | | Reserved | | |
| A 13. | Medical Record Excerpt: 08/27/14 – Legacy Salmon Creek Medical Center, CT head | | Reserved | | |
| A 14. | Medical Record Excerpt: 09/01/14 – Motion Chiropractic, Patient Summary | | Reserved | | |
| A 15. | Medical Record Excerpt: 10/01/14 – Dr. Nelson, Asante Neurology, Encounter Note | | Reserved | | |
| A 16. | Medical Record Excerpt: 12/17/14 – Dr. Nelson, Asante Neurology, Follow-up | | Reserved | | |
| A 17. | Medical Record Excerpt: 08/27/15 – Dr. Sanchez, Asante Neurology, Office Visit | | Reserved | | |
| A 18. | Medical Record Excerpt: 10/02/15 – Florence Nikas, LPC, Service Plan | | Reserved | | |
| A 19. | Medical Record Excerpt: 11/02/15 – Three Rivers Radiology Associates, MRI | | Reserved | | |
| A 20. | Medical Record Excerpt: 01/12/16 – American Medical Response, Patient Care Report | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| A 21. | Medical Record Excerpt: 01/12/16 – Asante, ED Encounter | | Reserved | | |
| A 22. | Medical Record Excerpt: 02/02/16 – Cascade Eyecare Center, Encounter Note | | Reserved | | |
| A 23. | Medical Record Excerpt: 05/05/16 – Dr. Sanchez, Asante Neurology, Follow-up | | Reserved | | |
| A 24. | CV – Samuel Coor, D.O. | | Reserved | | |
| A 25. | Independent Medical Review by Dr. Coor dated March 20, 2019 | | Reserved | | |
| A 26. | Addendum by Dr. Coor dated January 7, 2020 | | Reserved | | |
| A 27. | Medical Record Excerpt: 03/22/01 – Southwest WA Medical Center, ED Record | | Reserved | | |
| A 28. | Medical Record Excerpt: 08/02/02 – Southwest Medical Center, Discharge Summary | | Reserved | | |
| A 29. | Medical Record Excerpt: 05/06/04 – Southwest Medical Center, CT report head | | Reserved | | |
| A 30. | Medical Record Excerpt: 05/07/04 – Southwest Medical Center, MRI report head | | Reserved | | |
| A 31. | Medical Record Excerpt: 06/22/06 – The Vancouver Clinic, Evaluation | | Reserved | | |
| A 32. | Medical Record Excerpt: 07/03/07 – The Vancouver Clinic, Urgent Care | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| A 33. | Medical Record Excerpt: 05/06/08 – Southwest Medical Center, ED Records | | Reserved | | |
| A 34. | Medical Record Excerpt: 07/26/10 – Valley View Health, Office Visit | | Reserved | | |
| A 35. | Medical Record Excerpt: 10/14/10 – Valley View Health, Office Visit | | Reserved | | |
| A 36. | Medical Record Excerpt: 08/18/12 – Woodland Urgent Care, Office Visit, Imaging | | Reserved | | |
| A 37. | CV – Josef K. Eichinger, M.D. | | Reserved | | |
| A 38. | Independent Medical Record Review by Dr. Eichinger dated March 20, 2019 | | Reserved | | |
| A 39. | CR 35 Panel Evaluation Report by Dr. Eichinger and Dr. Coor dated December 9, 2019 | | Reserved | | |
| A 40. | Medical Record Excerpt: 05/06/04 – Southwest Medical Center, ED Record | | Reserved | | |
| A 41. | Medical Record Excerpt: 02/26/08 – Southwest Medical Center, Office Visit | | Reserved | | |
| A 42. | Medical Record Excerpt: 01/19/11 – Washington Orthopedic Center, x-ray right wrist | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| A 43. | Medical Record Excerpt: 01/20/11 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 44. | Medical Record Excerpt: 01/27/11 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 45. | Medical Record Excerpt: 02/03/11 – Washington Orthopaedic Center, Follow-up, Imaging | | Reserved | | |
| A 46. | Medical Record Excerpt: 02/17/11 – Washington Orthopaedic Center, Follow-up, Imaging | | Reserved | | |
| A 47. | Medical Record Excerpt: 02/28/11 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 48. | Medical Record Excerpt: 03/10/11 – Washington Orthopaedic Center, Follow-up, Imaging | | Reserved | | |
| A 49. | Medical Record Excerpt: 03/29/11 – Washington Orthopaedic Center, Follow-up, Imaging | | Reserved | | |
| A 50. | Medical Record Excerpt: 05/09/11 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 51. | Medical Record Excerpt: 06/10/11 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 52. | Medical Record Excerpt: 06/13/11 – Washington Orthopaedic Center, Follow-up, Imaging | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| A 53. | Medical Record Excerpt: 11/03/11 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 54. | Medical Record Excerpt: 07/17/12 – Providence, ED Records, Imaging | | Reserved | | |
| A 55. | Medical Record Excerpt: 07/18/12 – Providence, Consultation | | Reserved | | |
| A 56. | Medical Record Excerpt: 07/27/12 – Washington Orthopaedic Center, Office Visit, Imaging | | Reserved | | |
| A 57. | Medical Record Excerpt: 08/01/12 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 58. | Medical Record Excerpt: 08/13/12 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 59. | Medical Record Excerpt: 08/27/12 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 60. | Medical Record Excerpt: 09/07/12 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 61. | Medical Record Excerpt: 09/24/12 – Washington Orthopaedic Center, Follow-up | | Reserved | | |
| A 62. | Medical Record Excerpt: 10/09/12 – Washington Orthopaedic Center, Follow-up | | Reserved | | |

DECLARATION OF SERVICE

| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
|-------|-------------|--------------|---------------|-----------|----------|
| A 63. | Medical Record Excerpt: 11/09/12 – Washington Orthopaedic Center, Follow-up, Imaging | | Reserved | | |
| A 64. | Medical Record Excerpt: 11/26/13 – Woodland Urgent Care, CT pelvis | | Reserved | | |
| A 65. | Medical Record Excerpt: 08/27/14 – Southwest Medical Center, x-ray report wrist | | Reserved | | |

The Parties' Objection Code:

| E | Exhibit is objectionable because it constitutes attempted expert testimony from a person who was not designated as an expert (Fed. R. Civ. P. 26) |
|---|---|
| F | Lack of Foundation |
| MIL | Subject of Motion in Limine |

In the Authenticity and Admissibility columns, indicate "Stipulated" or "Disputed". If "Disputed", identify the objection in the Objection column. An objection based on a Fed. R. Evid. Should reference the rule number; additional objections should be referenced by a code that the parties include with the exhibit list. The "Admitted" column is for use by the Court.

(No party is required to list any exhibit which is listed by another party, or any exhibit to be used for impeachment only. See LCR 16 for further explanation of numbering of exhibits).

## ACTION BY THE COURT

(a)     This case is set for a bench trial. Due to Judge Leighton's pending

retirement and August schedule, the August trial dates previously given have been stricken. The

case is currently without a trial date, pending assignment to a new judge. The parties have

jointly requested that the new trial date be scheduled far enough in the future to allow for

DECLARATION OF SERVICE

witnesses to have adequate notice of the proceedings and for counsel to avoid existing conflicts on their calendars.

      (b)    The parties request that deadlines for submission of trial briefs, jury instructions, and other pretrial documents be scheduled by the new judge in relation to the new trial date.

This order has been approved by the parties as evidenced by the signatures of their counsel.  This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

        DATED this _5th_ day of ___November___, 2020.

                      _____

                      United States District Judge/Magistrate Judge

FORM APPROVED

_/s/ Scott A. Staples_
Attorney for Plaintiff

_/s/ Vasu Addanki_
Attorney for Defendant

DECLARATION OF SERVICE